UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**JEFF JOHNSON**   **PLAINTIFF**

**v.**   **CIVIL ACTION NO. 5:23-CV-P1-JHM**

**CALLOWAY COUNTY JAIL et al.**   **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jeff Johnson, a detainee proceeding *pro se* and *in forma pauperis*, initiated this *pro se* 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, some of Plaintiff's claims will be allowed to proceed, and some will be dismissed. The Court will also deny Plaintiff's motion to supplement the complaint and address other filings by Plaintiff.

**I. STATEMENT OF CLAIMS**

Plaintiff is housed as a pretrial detainee at the Calloway County Jail (CCJ). His complaint names as Defendants the CCJ; West Kentucky Correctional Healthcare (WKCH), the healthcare provider at the CCJ; and in their official and individual capacities Jailer Ken Claud, Nurse Sheila Peeks, and Officer Cross. Plaintiff states that when he was moved to CCJ on November 7, 2022, Defendants Cross and Claud took his hearing aid pursuant to a "'de facto policy'" of denying medically prescribed devices. He alleges that in so doing, the CCJ and Defendants Claud and Cross have violated the settlement agreement in *Night & Adams v. Commonwealth*; the Americans with Disabilities Act (ADA) Titles II and III; and the Rehabilitation Act (RA).

Plaintiff further alleges that Defendants WKCH and Peeks have been deliberately indifferent to his serious medical need by denying him his medically prescribed diabetic diet; his diabetes medication, including medication for pain caused by his diabetes; and his prescribed shoes, which are necessary because of his foot pain caused by his diabetes. He also states that they have taken his "walker/rolator," and that he has fallen multiple times.

To his complaint, Plaintiff attaches 58 pages of exhibits, including a document titled "Settlement Agreement" which appears to have been filed in *Adams v. Commonwealth of Kentucky*, 3:14-cv-1-GFTV, in the Eastern District of Kentucky.

As relief, Plaintiff requests compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Claim related to settlement agreement

Plaintiff alleges that CCJ and Defendant Claud have violated the settlement agreement in *Night & Adams v. Commonwealth*. Plaintiff attaches a copy of a settlement agreement in a case of a similar name, which relates to ensuring that deaf inmates have full and equal access to services and privileges enjoyed by non-deaf inmates. It is signed by the Kentucky Department of Corrections (KDOC). Plaintiff offers no reason why an agreement entered into by the KDOC would be binding on Calloway County or otherwise pertinent to this case. The Court will dismiss this claim for failure to state a claim upon which relief may be granted.

### B. ADA and RA claims

Plaintiff alleges that Defendants Claud, CCJ, WKCH, and Peeks have failed to provide him with the correct diabetic diet and treatment for his diabetes since being housed there and that they, along with Defendant Cross took away his hearing aids when he entered CCJ in violation of the ADA and RA.

Plaintiff fails to state an ADA or RA claim for the alleged lack of diet/treatment for his diabetes because he fails to allege facts showing that Defendants discriminated against him on the basis of an alleged disability. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. . . .

3

The ADA does not create a remedy for medical malpractice.")); *see also Baldridge-El v. Gundy*, No. 99-2387, 2000 WL 1721014, at *2 (6th Cir. Nov. 8, 2000) ("[N]either the RA nor the ADA provide a cause of action for medical malpractice.") (citation omitted).

With regard to his claim concerning the deprivation of his hearing aids, Plaintiff fails to state a claim against Defendants Claud, Cross, and Peeks in their individual capacity because "neither the ADA nor the RA impose liability upon individuals." *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004); *Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007) ("Title II of the ADA does not provide for a cause of action against government officials sued in their individual capacities."). Therefore, Plaintiff's ADA and RA claims against these Defendants in their individual capacities will be dismissed for failure to state a claim.

Plaintiff also fails to state a claim under the ADA/RA against WKCH. Under the ADA, "[t]he term 'public entity' means–(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of Title 49)." 42 U.S.C. § 12131(1). Although the Sixth Circuit has not considered whether a private contractor can be a "public entity" under Title II of the ADA, the circuit courts that have spoken have held that a private contractor is not a "public entity" under the ADA. *See, e.g., Phillips v. Tiona*, 508 F. App'x 737, 748 (10th Cir. 2013) (holding that the ADA does not apply to private prisons); *Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) (same); *Green v. City of N.Y.*, 465 F.3d 65, 78-80 (2d Cir. 2006) (holding that a private hospital contracting with the City is not a public entity). In so holding, the courts determined that the term "instrumentality of a State" in Title II is "best read as referring to a creature of a state or municipality." *Green*, 465 F.3d at 79. Thus, even where a private entity contracts with

the state to "perform a traditional and essential government function, it remains a private company, not a public entity." *Edison*, 604 F.3d at 1310 (citing *Green*, 465 F.3d at 79).

The Court finds that WKCH is not a "public entity" under § 12131 and is therefore not subject to suit under Title II. *See also Thompson v. Mich. Dep't of Corr.*, No. 17-10490, 2018 WL 5094078, at *2 (E.D. Mich. Aug. 10, 2018) (concluding that a private health provider that contracted with a state prison was not a "public entity" under the ADA); *Cox v. Jackson*, 579 F. Supp. 2d 831, 852-53 (E.D. Mich. 2008).

Similarly, WKCH is neither a federal agency nor receives federal funds under the Rehabilitation Act. *McIntosh v. Corizon*, No. 2:14-CV-00099-JMS, 2018 WL 1456229, at *6 (S.D. Ind. Mar. 23, 2018) ("The Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, applies to federal government agencies as well as organizations that receive federal funds. Corizon is not a federal government agency, but it is a private company providing medical services to prisoners.") (internal citation omitted); *Watson v. Michigan*, No. 18-CV-10518, 2018 WL 2194225, at *2 (E.D. Mich. May 14, 2018) (concluding that a private health provider that contracted with a state prison was not a public entity under the RA).

Finally, Plaintiff's Title III claims for damages fail as well. Title III of the ADA prohibits discrimination in places of public accommodation against persons with disabilities. 42 U.S.C. § 12182(a). Any claim under Title III of the ADA is barred because only injunctive relief is available. *See Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 512 (6th Cir. 2012) ("Title III of the ADA provides only injunctive relief, not monetary damages, to successful plaintiffs."); *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages.").

The Court will allow Plaintiff's ADA/RA claim against Calloway County[1] for depriving him of his hearing aids to continue for injunctive relief.[2]

### C. Section 1983 deliberate-indifference claims

*1. Defendants WKCH and Peeks*

Plaintiff alleges that Defendants WKCH and Peeks have been deliberately indifferent to his serious medical need in denying him his medically prescribed diabetic diet, his diabetes medication, including medication for pain caused by his diabetes, and his prescribed shoes/walker.

"Pretrial detainees have a right to adequate medical care under the Fourteenth Amendment. An officer violates that right if that officer shows deliberate indifference to [a pretrial detainee's] serious medical needs[.]" *Hyman v. Lewis*, 27 F.4th 1233, 1237 (6th Cir. 2022) (internal citations and quotation marks omitted); *see also Gist v. Trinity Serv. Grp.*, No. 3:22-CV-P270-CHB, 2023 WL 2531735, at *4 (W.D. Ky. Mar. 15, 2023). The Court will allow Plaintiff's Fourteenth Amendment claim of deliberate indifference to his diabetes, pain caused by diabetes, and refusing his shoes/walker to continue against Defendant Peeks in her individual capacity.

Under § 1983, a municipality can be held liable only if the plaintiff demonstrates that the injury suffered was a direct result of the municipality's official policy or custom. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the

---

[1] It is Calloway County, rather than the CCJ, that is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990) (construing claims brought against the Jefferson County Government, the Jefferson County Fiscal Court, and the Jefferson County Judge Executive as claims against Jefferson County itself). The Court will direct the Clerk of Court to add Calloway County as a Defendant in the docket sheet.

[2] Although Plaintiff does not request injunctive relief, the Court broadly construes the complaint to request return of his hearing aids.

municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The Sixth Circuit has held that, for purposes of liability under § 1983, this standard also applies to a private entity, such as WKCH, which has contracted with a municipality to provide medical services to inmates. *See, e.g.*, *Winkler v. Madison Cnty.*, 893 F.3d 877, 904 (6th Cir. 2018) ("A private entity . . . that contracts to provide medical services at a jail can be held liable under § 1983 because it is carrying out a traditional state function.") (citing *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005)).

Because "official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent,'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55), the claims against Defendant Peeks in her official capacity also must be construed as brought against WKCH. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Here, Plaintiff does not allege a policy or custom that was the moving force behind the alleged constitutional violation. Accordingly, the Court will dismiss the claim against WKCH and Defendant Peeks in her official capacity for failure to state a claim upon which relief may be granted.

*2. Defendants CCJ and Claud*

Plaintiff alleges that Defendants CCJ and Claud failed in their duty to provide medical care, failed to satisfy their ministerial and statutory duty to ensure Plaintiff's well-being, and acted with deliberate indifference to his serious medical needs.

First, CCJ is not a "person" subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.

1991) (holding that a police department may not be sued under § 1983); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). Rather, the proper Defendant is Calloway County. *Smallwood,* 743 F. Supp. at 503. Further, Calloway County is a "person" for purposes of § 1983. *See Monell*, 436 U.S. at 691. The Court will therefore construe the § 1983 claims against CCJ as brought against Calloway County.

As set forth above, a municipality like Calloway County can be held liable under § 1983 only if the plaintiff demonstrates that the injury suffered was a direct result of the municipality's official policy or custom. *Monell*, 436 U.S. at 691. Because Plaintiff does not allege a policy or custom that resulted in the alleged constitutional violation, his claim against the CCJ regarding his medical treatment fails to state a claim upon which relief may be granted.[3]

To the extent that Plaintiff seeks to hold Defendant Claud, as the CCJ Jailer, liable in his individual capacity for deliberate indifference to a serious medical need, the Court will dismiss such claim because Plaintiff has not alleged that he directly participated in the events related to this claim. In so finding, the Court notes that the doctrine of *respondeat superior* does not apply in § 1983 actions to impute liability to supervisors. *Id.*; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy*, 729 F.2d at 421 (citing *Hays v. Jefferson Cnty., Ky.*, 668 F.2d 869, 872-74 (6th Cir. 1982)). "[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays*, 668 F.2d at 872. "Likewise, simple awareness of employees'

---

[3] Plaintiff alleged a de facto policy of denying medically prescribed devices, but he does not point to a policy or custom as the moving force in the alleged denial of treatment for his diabetes.

misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Consequently, the Court will dismiss Plaintiff's § 1983 claim against Defendants CCJ and Claude.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's claims related to the settlement agreement, the ADA/RA claims against Defendants Claud, Cross, and Peeks in their individual capacities, and his claim for damages under the ADA, all claims against WKCH, and the deliberate-indifference claims against the CCJ and Claud are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted within the meaning of 28 U.S.C. § 1915A(b)(1).

The Clerk of Court is **DIRECTED** to terminate Claud, Cross, the CCJ, and WKCH as Defendants in this action. The Clerk is **FURTHER DIRECTED** to add Calloway County as a Defendant.

The Court will enter a separate Service and Scheduling Order to govern the development of the remaining claims, *i.e.*, Plaintiff's ADA/RA claim against the CCJ for injunctive relief related to his hearing aids and his Fourteenth Amendment deliberate-indifference claim against Defendant Peeks in her individual capacity.

## IV. MOTION TO SUPPLEMENT THE COMPLAINT

Plaintiff has filed a motion to supplement his complaint (DN 15). Plaintiff's motion states that on May 23, 2022, he filed "a PREA complaint after being sexually assaulted by a violent state inmate Jeffery Coday." He states that he has filed three sick-call requests "begging for mental health, . . . crisis counseling, [and coping skills]," but has not received help.

Plaintiff attaches a lengthy proposed supplemental complaint. It seeks to add six new Defendants in their official and individual capacities: Judges Jaminson and Andra Moore, PREA Coordinator Casey Kembro, inmates Jeffery Coday and Jake Hudson, and Lt. Slade McCustion, He alleges that the CCJ does not have mental health care "and that officers are not trained to deal with mentally ill people." He states that he has been "in segregation for weeks after being sexually assaulted and harassed and denied mental health care." He also alleges that he has a well-documented history of mental illness, which he states has been exacerbated because Defendants CCJ, Claud, and Cross booked him into isolation. He further alleges that the Calloway County Defendants are violating the Fifth and Fourteenth Amendments' due-process clauses and ex post facto clause and the "ADA and ADA RA II and III [by] housing [him] in isolation and force double bunking."

Plaintiff alleges that he filed motions in Calloway Circuit Court before Judges Jamison and Moore related to his housing conditions at the CCJ and requesting a transfer to another prison without relief.

Plaintiff further alleges that Peeks and Kimbro told him if he wanted crisis counseling or mental health care he would have to contact the sexual violence resource center, but he has been refused access to the 24-hour help line. He also alleges that McCustion refuses to let him call the

sexual violence resource center and that this denial violates his First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights.

Plaintiff further states that he wants to add a claim of deliberate indifference because he was brutally assaulted by Jimmy Lee Scott on May 11, 2023, damaging his spine and neck. He asserts that he made sick call requests and wrote letters to Peeks, Claud, Captain Thomas Marshall, and Captain Mike Horning, which were ignored.

He further alleges that the CCJ lacks a sprinkler system, which, he asserts, constitutes cruel and unusual punishment.

Federal Rule of Civil Procedure 15(d) provides that, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Rule 15(d) gives district courts "broad discretion in allowing a supplemental pleading." Fed. R. Civ. P. 15 advisory committee's note to 1963 amendment. "In exercising its discretion" to grant or deny a motion to file a supplemental pleading a "[c]ourt may consider such factors as 'undue delay, bad faith or dilatory motive on the part of the movant, . . . [and] futility of the amendment.'" *United States v. Ohio*, No. 2:08-CV-00475, 2014 WL 1308718, at *3 (S.D. Ohio Mar. 28, 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Rule 15's general direction to grant leave to amend "freely . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), applies to motions to supplement under Rule 15(d). *Ne. Ohio Coal. for the Homeless v. Husted*, No. 2:06-CV-00896, 2015 WL 13034990, at *6 (S.D. Ohio Aug. 7, 2015).

Because Plaintiff seeks to add new Defendants and claims wholly unrelated to the claims in the complaint, the Court must also consider Rules 18 and 20 of the Federal Rules of Civil

Procedure.  Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  Rule 18(a) states:  "A party asserting a claim . . . may join, as independent or alternative claims, as many claims as it has against an opposing party."  The new Defendants Plaintiff wishes to add are not connected to the claims in the original complaint, and the claims against the original Defendants arise from circumstances entirely different from the claims in his original complaint having to do with his hearing aids and treatment for his diabetes.

Additionally, the Court is mindful of Plaintiff's three-strikes status under the Prisoner Litigation Reform Act (PLRA).  *See, e.g.*, *Brown v. Blaine*, 185 F. App'x 166, 168-69 (3d Cir. 2006) (per curiam) ("Allowing [prisoner] to allege unrelated claims against new defendants based on actions taken after the filing of the original complaint would defeat the purpose of the three strikes provision of the PLRA."); *Scott v. Kelly*, 107 F. Supp. 2d 706, 711 (E.D. Va. 2000) (finding that permitting a prisoner "to amend his complaint to include new, unconnected claims which have arisen since his initial filing defeats the purposes of filing fees and the 'three strikes' provisions in 28 U.S.C. § 1915(g)"); *see also Henderson v. FedEx Exp.*, No. 5:09-CV-85 (CAR), 2009 WL 1951059, at *6 (M.D. Ga. July 6, 2009) (noting that discretion "allows a court to consider, in addition to Rule 20's requirements, other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness") (internal quotation marks omitted).  In fact, on June 1, 2023, approximately

three weeks before he filed his motion to supplement in this case, the Court denied Plaintiff's *in forma pauperis* motion in *Johnson v. Scott*, 5:23-CV-P73-JHM (DN 6), as barred by the three-strikes provision. His complaint sued the CCJ and CCJ officials for putting a violent inmate in his cell, who then assaulted him. Because Plaintiff alleged only past conduct he could not establish that the only exception to the three-strikes bar, *i.e.*, that he was in imminent danger of serious physical injury at the time he filed the complaint, applied to him. Plaintiff now seeks to add those claims in this action, which would effectively allow him to bypass the three-strikes bar.

Upon consideration,

**IT IS ORDERED** that Plaintiff's motion to supplement (DN 15) is **DENIED**.

### V. OTHER FILINGS

Plaintiff additionally has filed a motion (DN 12) (which he also filed in nine of his other cases in this Court) asking for "an investigation into the mail fraud and attempts to damage my multimillion dollar suits." It is not this Court's role to investigate mail fraud. Accordingly,

**IT IS ORDERED** that Plaintiff's motion (DN 12) is **DENIED**.

Plaintiff also has filed five notices of filing various documents, such as "Declarations," grievance forms, letters, and copies of letters. The Court **INSTRUCTS** Plaintiff not to file documents unattached to a motion, a response/reply to a motion, or a response to a Court order.

Accordingly, to the extent that Plaintiff makes any requests for relief in these filings,

**IT IS ORDERED** that those requests (DNs 10, 14, 15, 16, 17, 18, 19, 20, 21, and 22) are **DENIED**.

Date: July 6, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendant Peeks
Calloway County Attorney
4414.009