UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCLY
PADUCAH DIVISION

**ANTHONY CAIN**  **PLAINTIFF**
*Aka Jeff Johnson*
v.   CIVIL ACTION NO. 5:23-CV-P1-JHM

**CALLOWAY COUNTY JAIL et al.**   **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Before the Court are the cross-motions for summary judgment filed by *pro se* Plaintiff Anthony Cain, *aka* Jeff Johnson (DN 78), and Defendant Calloway County (DN 79). The motions being ripe, the Court will grant Defendant Calloway County's motion for summary judgment and deny Plaintiff's motion as set forth below.

### I. BACKGROUND

Plaintiff is a pretrial detainee at the Calloway County Jail (CCJ). His complaint alleged in pertinent part that when he was moved to CCJ on November 7, 2022, from the Kentucky State Reformatory (KSR), where he was previously incarcerated, Defendants Jailer Ken Claud and CCJ took his medically prescribed hearing aid pursuant to a "'de facto policy'" of denying medically prescribed devices in violation of the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). DN 1, PageID #: 4.

On initial review, the Court allowed to go forward Plaintiff's claim under the ADA/RA against Calloway County for injunctive relief related to his hearing aid.[1]

---

[1] Because "neither the ADA nor the RA impose liability upon individuals," *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004), the Court construed Plaintiff's ADA/RA claim as brought against Calloway County, the real party in interest. *See* DN 23, PageID #: 368. Additionally, because Plaintiff's claims for monetary relief failed, *see, e.g.*, *Southwell v. Summit View of Farragut, LLC*, 494 F. App'x 508, 512 (6th Cir. 2012) (ADA provides for injunctive relief only), the Court broadly construed Plaintiff's claim as including injunctive relief. *See* DN 23, PageID #: 368.

## II. STANDARD

Before the Court may grant a motion for summary judgment, it must find that there is "no genuine dispute as to any material fact" and that the moving party is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). The non-moving party's evidence is to be believed, *id.* at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The fact that a plaintiff is *pro se* does not lessen his or her obligations under Rule 56. "The liberal treatment of pro se pleadings does not require the lenient treatment of substantive law, and the liberal standards that apply at the pleading stage do not apply after a case has progressed to the summary judgment stage." *Johnson v. Stewart*, No. 08-1521, 2010 WL 8738105 at *3 (6th Cir. May 5, 2010) (citation omitted). The Sixth Circuit Court of Appeals has made clear that, when opposing summary judgment, a party cannot rely on allegations or denials in unsworn filings and that a party's "status as a pro se litigant does not alter" its burden of showing a genuine issue for trial. *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010) (citation omitted).

## III. ARGUMENTS

Plaintiff's motion for summary judgment against Calloway County (DN 78) makes no mention of his hearing aid and is focused only on his claims related to his diabetes, which are

against Defendant Sheila Peek,[2] not Calloway County, and his argument that non-medical staff should not be conducting blood glucose and blood pressure checks, which is not a claim in this case.[3] He does attach a copy of a grievance he filed on November 11, 2022, arguing that he had been denied his "medically prescribed" hearing aid. DN 78-1, PageID #: 901. The response from Defendant Peek "[e]xplained [that] hearing aids have to be approved by jailer. This is not a medical dept. decision." *Id*.

Calloway County's response to Plaintiff's motion is its motion for summary judgment (DN 81). That motion argues that Plaintiff's ADA claim for injunctive relief is now moot because the relief he sought has already been granted. Calloway County explains that Plaintiff has now been given his hearing aid after it was found in his property in September 2023. DN 79-1, PageID #: 929. Calloway County further argues that there is no basis to conclude that Plaintiff would again be subjected to the same allegedly wrongful conduct by the County, and the requirements for mootness have been met. *Id*. at PageID #: 930.

In support, Calloway County attaches a form completed on the date of Plaintiff's entry into CCJ titled Standard Medical Questions. DN 79-2, PageID #: 937-38. It reflects that in response to the question of whether he requested any special accommodations for a handicap, Plaintiff only indicated that he was on a "[Department of Corrections] DOC bottom bunk restriction." *Id*. at PageID #: 937. Nowhere on the form does Plaintiff indicate that he required or had been prescribed a hearing aid. *Id*. at PageID #: 937-38.

---

[2] Defendant Peek is the only other remaining Defendant in this case. Plaintiff and Defendant Peek have filed cross-motions for summary judgment which have been fully briefed.

[3] Because a party cannot assert new claims in response to a motion for summary judgment, *Bridgeport Music, Inc. v. WB Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) ("To the extent [the plaintiff] seeks to expand its claims to assert new theories, it may not do so in response to summary judgment or on appeal."), the Court will not consider these contentions.

Calloway County attaches the same November 11, 2022, grievance form, DN 79-3, PageID #: 940, and a CCJ "Receiving/Releasing Property Form" dated September 8, 2023, which shows that Jailer Claud released "one hearing aid" to Plaintiff on that date. DN 79-4, PageID #: 942. That form contains the notation, "Found in inmates property brought from D.O.C. discovered 9/5/23." *Id*.

Calloway County also points to Defendant Peek's affidavit attached to her summary-judgment motion in which she avers that "Plaintiff did not arrive at the CCJ with any assistive devices and/or hearing aids." *Id*. at PageID #: 928 (citing DN 70-2, PageID #: 792). In doing so, Calloway County notes that Defendant Peek's affidavit may be "possibly in error" on this point. *Id*.

In response (DN 82) to Calloway County's summary-judgment motion, Plaintiff argues that Defendant Peek admits that she conducted the medical intake and that he came to CCJ with "medically prescribed disability devices . . . that Plaintiff has claimed all along that Nurse Peek took on intake." DN 82, PageID #: 949. He concedes "that Calloway County has now given him his hearing aid . . . [T]hey admit it was in his property bag[.]" *Id*. at PageID #: 951. Plaintiff also makes arguments related to his proposed amended complaint.[4] *Id*. at PageID #: 950.

Plaintiff also filed a motion in support of his motion to amend his complaint combined with a motion in support of his pretrial memorandum and summary-judgment motion against Calloway County (DN 87). It does not refer to the issue of his hearing aid but again makes arguments related to his proposed amended complaint. DN 87, PageID #: 979. Because the Court has denied Plaintiff permission to amend his complaint, *see* DN 136, and because the arguments contained in DN 87

---

[4] At the time Plaintiff filed his summary-judgment motion, the Court had not yet ruled on his motion to amend the complaint. The Court has since denied Plaintiff's motion to amend. *See* DN 136.

4

and exhibits attached thereto do not pertain to Calloway County's motion for summary judgment, Plaintiff's motion will be denied.

Calloway County and Plaintiff both filed replies (DNs 104 and 116), but those replies are solely concerned with Plaintiff's attempt to amend the complaint and, therefore, are not pertinent to the cross-motions for summary judgment.

## IV. ANALYSIS

Calloway County argues that it has "voluntarily remedied its allegedly prohibited actions[;] . . . documented the discovery and subsequent release of Plaintiff's hearing aid[;] and has no intent to remove the device from [his] possession." DN 79-1, PageID #: 930. Thus, Calloway County argues, these changed circumstances moot Plaintiff's claim to have his hearing aid restored to him. *Id*.

Plaintiff does not dispute that he has been given his hearing aid.

"A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III— 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam)). The Sixth Circuit has opined:

> "A defendant's voluntary cessation of allegedly unlawful conduct ordinarily does not suffice to moot a case." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 174 (2000). But "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id*. at 189 (quoting *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968)). We have also noted that "cessation of the allegedly illegal conduct by government officials has been treated with more solicitude by the courts than similar action by private parties. . . . [S]uch self-correction provides a secure foundation for a dismissal based on mootness so long as it appears genuine." *Mosley v. Hairston*, 920 F.2d 409, 415 (6th Cir. 1990) (quoting *Ragsdale v. Turnock*, 841 F.2d 1358, 1365 (7th Cir. 1988)).

*Carpenter-Barker v. Ohio Dep't of Medicaid*, 752 F. App'x 215, 222 (6th Cir. 2018).

5

Although the Court finds it very likely that the discovery and return of Plaintiff's hearing aid was "genuine," *Mosley*, 920 F.2d at 415, and that "the allegedly wrongful behavior could not reasonably be expected to occur," the Court need not decide whether Calloway County has met the "'formidable burden'" demanded of it to show that Plaintiff's claim is moot. *Friends of the Earth*, 528 U.S. at 190. The reason supporting the unlikeliness of the conduct recurring – that it appears to have been an accident or an oversight that Plaintiff's hearing aid was left in or placed in his property bag – underscores the fact that the uncontroverted evidence contained in the record does not support Plaintiff's claim set forth in his complaint that his hearing aid was taken due to Calloway County's "'de facto policy'" of denying medically prescribed devices.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The ADA defines "disability" as follows: "[1] a physical or mental impairment that substantially limits one or more of the major life activities of such individual; [2] a record of such an impairment; or [3] being regarded as having such an impairment." 42 U.S.C. § 12102(1). Similarly, the RA protects any "otherwise qualified individual" from "be[ing] excluded from the participation in, be[ing] denied the benefits of, or be[ing] subjected to discrimination" under specified programs "solely by reason of her or his disability." 29 U.S.C. § 794(a). Both Title II of the ADA and the RA apply to prisons and jails. *Mitchell v. Ouellette*, No. 1:23-CV-315, 2023 WL 3559695, at *5 (W.D. Mich. May 19, 2023) (citing *Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210–12 (1998); *Wright v. N.Y. Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016)).[5]

---

[5] Although referred to in the complaint, Title III of the ADA does not apply to a jail or prison facility. *See, e.g.*, *Collazo v. Corr. Corp. of Am.*, No. 4:11CV1424, 2011 WL 6012425, at *4 (N.D. Ohio Nov. 30, 2011) (citations omitted).

6

Plaintiff has alleged that his hearing aid was "medically prescribed," but has offered no evidence to support that he is in fact disabled within the meaning of the ADA/RA. Even assuming, without deciding, that he has a sufficiently limiting hearing impairment that would be covered by the ADA/RA, Plaintiff fails to meet his summary-judgment burden. Rather than presenting evidence to show that he was denied the benefits of services or subjected to discrimination on the basis of his (alleged) disability, it appears from the uncontested evidence submitted by Calloway County that the deprivation of Plaintiff's hearing aid resulted from a singular, seemingly inadvertent occurrence in which the hearing aid was either left in or put in Plaintiff's property bag transferred from KSR. *See* DN 82, PageID #: 951 (Plaintiff concedes that he has now received his hearing aid, which "was in his property bag.").

In response to Calloway County's summary-judgment motion, Plaintiff argues that Defendant Peek admits that she conducted the medical intake; that he came to CCJ with "medically prescribed disability devices . . . [; and] that [he] has claimed all along that Nurse Peek took on intake." DN 82, PageID #: 949. First, Defendant Peek has not admitted that she took Plaintiff's hearing aid. Regardless, Plaintiff's claim in the complaint was that Jailer Claud and CCJ took his hearing aid, not Defendant Peek. Defendant Peek's response to his grievance explained that the jailer had to approve hearing aids. It does not reference that Plaintiff had arrived at CCJ with a hearing aid, that it had been confiscated by her or anyone else, or that a policy of denying medically prescribed devices existed at CCJ. Further, Calloway County's evidence shows that Plaintiff's hearing aid was returned to him just a few days after it was found in his property bag, not kept from him in violation of the ADA/RA.

Having failed to show that his hearing aid was deliberately taken from him by the jailer or anyone else pursuant to a policy of denying medically prescribed devices in violation of the

ADA/RA, Plaintiff has not carried his burden on his summary-judgment motion or in opposing Calloway County's summary-judgment motion.

## V. CONCLUSION AND ORDER

Accordingly,

**IT IS ORDERED** that Defendant Calloway County's motion for summary judgment (DN 79) is **GRANTED** and Plaintiff's motion for summary judgment (DN 78) and his motion in support (DN 87) are **DENIED**.

The Clerk of Court is **DIRECTED** to terminate Defendant Calloway County as a party to this action.

Date: February 21, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of record
4414.009